Good afternoon, everyone. Please be seated. This is the time set for our argument in the comeback case of United States v. Lamar Johnson. Judge Wofford, can you hear me? Yes, I can hear you just fine. Judge Wallace, can you hear me? I can indeed. Thank you. All right. Thank you. Council for appellant. Please proceed. Thank you, Your Honor. May it please the appellant Lamar Johnson. I'd like to reserve three minutes for rebuttal. All right. Thank you. Mr. Johnson sustained two felony convictions for which the government was not required to prove every essential element beyond a reasonable doubt, and the trier fact was not required to find proof beyond a reasonable doubt of every essential element. The parties agree that this was the second prongs of the Alano plain error test are satisfied. I think there are really three disputes in this case. First of all, the type of error, whether it was should be analyzed as sufficiency, the evidence or instructional error. Second of all, under either test, whether Alano prongs three, which is prejudice and prong four, which is whether it seriously affected the fairness, integrity and integrity of judicial proceedings, have been satisfied. And three, and kind of crucially, what evidence the court can consider in doing the Alano plain error analysis. Can I jump in, counsel, and ask you on that last point? If we concluded that we are permitted to look outside the confines of the trial record itself, right? So in other words, we could look at the nature of the prior convictions your client had. Do you concede that in that circumstance, your client would lose because he, in fact, okay, yes, well, maybe you can just address that. Why not? Certainly. No, we don't concede that Mr. Johnson would lose and cannot satisfy the plain understand plain error standard, even looking outside the trial record. First of all, in contrast to the defendant in Benabor, he had no prior convictions for felon in possession of anything. And the court notably relied on those prior felon in possession convictions in Benabor in declining to reverse for plain error. Second of all, the number of months to which the defendant was sentenced does not necessarily indicate knowledge that his offense was punishable by imprisonment for more than a year. What were the lengths of his prior sentences? So he had a 1998 marijuana felony conviction for which he was sentenced to 28 months, a 2004 marijuana felony conviction for which he was sentenced to 24 months, a 2007 evading felony conviction for which he was sentenced to 24 months, and a 2014 accessory conviction for which he was sentenced only to probation. And there's no indication, even in the PSR, how much time he actually served on any of those sentences. And there are numerous reasons why a defendant might not have the actual knowledge of whether even a felony conviction was punishable by a term of imprisonment exceeding one year. Well, counsel, every single one of these post-Rahif cases I've looked at at the circuit court level have said that if the defendant, in fact, had been sentenced to more than a year for one of the prior convictions, that is sufficient to doom his chances under plain error. Because it sort of stands to reason that if you've been sentenced, actually sentenced to more time in prison than the one year, you know that that that's just the end of the ballgame. And I would be inclined to think that the same result would apply here. But what is your direct response to that? First of all, I think most of the post-Rahif plain error cases out there do look at evidence outside of the record, or at least arguably are doing that, if perhaps not discussing whether that's proper to do so, which we're asking the court to do here. And so we are arguing under whether it's sufficiency evidence or instructional error, the court should look only at the evidence before the trier of fact, which means you don't know what is your... What is your best case authority for the proposition that we should not look outside the record that was before the trial court? If you're analyzing this case under an instructional error argument, Your Honor, I think the Montgomery case, which we submitted in our second 28J letter, it's from the Western District of Montgomery, has a very thorough and persuasive discussion specifically on the issue in this exact... Very close to this context, the plain error post-Rahif context, whether it's proper for a court, a reviewing court, to look outside the trial record in assessing plain error. And I... But of course that's not binding on us, so if we're not persuaded by that, do you lose... I think there's a long history. The authorities from this court that we cited in our first 28J letter, including Conte and Alpha Heron-Perez, which is an en banc decision, they weren't in the post-Rahif context, but they were in the plain error context. And I think they do say that you're... I'm a little... Yes, Your Honor. I'm a little surprised that you haven't cited Hassini. I was on that panel. It goes against your arguments you've just been making. And Seventh Circuit and the Eighth Circuit have agreed with us that the position is accurate. Don't you have to at least distinguish Hassini, let alone tell us why we should create an inter-circuit conflict with the Seventh and Eighth Circuit? I'm sorry, Your Honor, I didn't hear the name of that case that you were referring to? Hassini. Oh, Hassini. United States v. Hassini. H-E-S-S-A-I-N-I. Yes, neither party cited that, but that was one of the unpublished, I believe, post-Rahif cases from this court. It was, but we can look at it as persuasive, and we would have to do it pretty that we don't raise eyebrows. We have the Seventh Circuit and the Eighth Circuit. They also were unpublished, but they're precisely in opposition to your position. Your Honor, in terms of Hassini, or I'm not sure how you pronounce it, but... I'm not either. Okay, we know what we're talking about the same case, and that would be 786 Fed Appendix 658 from September of 2019, correct? Right, and 661 is the language. Yes, and I have notes from that here, and I believe it was clear from that case that the court was looking at, quote, the record, what the record before the jury established, and again, it also said, also on 661, his three, quote, convictions and sentences, which referred to sentences of more than a year imprisonment, were properly before the jury. So I would argue that that case supports our argument here that on plain error review, you look at the evidence that was before the jury, and this case would be distinguished because facts about Mr. Johnson's, the length of sentences he received, certainly for his prior convictions, were not before the jury. So I think that's a clear, factual distinction with Hassini. If that's true, and we've outlined in Hassini what we should go, why wouldn't we then vacate and remand the case to the trial court to take care of the problem down there? As you probably know, it's our usual procedure when we receive these cases in the Supreme Court to remand them to the trial court and start there. If in fact we find that this is a problem, I don't see why we would do it differently here. What's your response to that? We agree that remand, vacating the 922G convictions at least and remanding to the district court would be the proper outcome in this case. No, no, we don't vacate anything. We remand it to the trial court ab initio to start the first analysis. The trial judge may decide he was right, he or she was right, and they will tell us why, but at least it would start with the issue. It seems to me that that is important here because it is a factual issue, and maybe there's something in the record that shows that we need to take a different position, or it may show that we were right. Do you have any opposition to remanding this to the trial judge? I don't fundamentally. I think it would make sense given that we're already here and we're briefed before this court, and that this court is looking at in terms of all the evidence that was before the trial court, even considering the PSR, the stipulated facts. You have everything that was before the district court. This was not where there was a jury trial and credibility of witnesses or anything that were at issue. I think the district court in this case and in other cases could use some guidance about how to conduct that plain error review, and I'm asking the court to do that in this case since we're already here. Counsel, in Benamor, did we limit our analysis to evidence that was before the trial court? I don't think it's clear where the evidence that the court considered in Benamor came from. There certainly was no discussion of inside versus outside the record. I mean, I think it's probably a fair assumption that the court looked outside the trial record, but it just doesn't say. I believe there was a jury trial in Benamor, and it's not clear what evidence might have come in. As in Hessiani, there was evidence, apparently, before the jury about the sentences the defendant received. So I'm not sure it would be proper to make that assumption, read that into Benamor, when to hold that the court could look outside the trial record, I think would be inconsistent with a long line of cases, including the ones we cited in our first 28-J letter and also Tidingco and Winn that the government cited in its opposition. All right. Thank you, Counsel. Thank you. We'll hear from the government. Good afternoon. Alexis Loeb for the United States. May it please the Court, this Court should follow its opinion in Benamor, affirm Johnson's Section 922G convictions, and for good reason. The legal error here cannot satisfy the plain error test, and even under sufficiency of the evidence standard, the evidence here was sufficient. I'd like to start with Judge Watford's question about whether the record here, if the court were to look outside the record, would support a finding that Johnson knew of his felon status. It certainly would. Putting aside the fact of the stipulation, I'd point the court to page 216 in the ER, where at the sentencing hearing, Johnson admitted that he had served over a year in prison for the conviction for which he received a 28-month sentence. And Johnson had reason to dispute that fact because one of the things the court was looking at in determining his sentence was how long were the sentences he'd served before. That's something the court takes into account in deciding what sentence for these convictions was necessary. And I would also point out that Johnson never contested any of his convictions or the length of his sentence. Counsel? Yes, Your Honor? What's your response to opposing counsel's position that we should not consider matters that were outside the evidence presented to the trial court? I think there are several reasons why the court should consider matters outside what was in the trial record. First of all, precedent. Benamor, primarily. Well, the opposing counsel says we can't tell from the language in Benamor exactly what the source of the information was. Your Honor, I think you can because in Benamor, the defendant stipulated to his felon status. And under Old Chief, the government in a jury trial, which Benamor was, the government would be precluded from introducing additional facts relating to those felonies. And certainly, the fact that Benamor had a prior Section 922G conviction, that's not something that properly could have come in before the district court. Beyond Benamor, of course, there are the cases from other circuits that have followed Benamor, such as Reed and Hollingshed. And I'd also point this Court to the Supreme Court opinion in Johnson, where in declining to — where in finding that the appellant's claim did not meet plain error review, the Court pointed out that the appellant had not contested the claim at trial or on appeal. Right there, the Court is looking outside the trial record. It's looking at the appellate record. And here, also on appeal, we don't have Johnson asserting that he lacked knowledge of status. So I think the Court should, in particular here, look at the fact that the knowledge of status is really never something that has been contested. I would also point to the Supreme Court's opinion in Vaughn, which was something that was also cited in the Western District of Pennsylvania case in Johnson's 28J letter, where the Supreme Court looked at the entire record, not just the Rule 11 colloquy. And I think the reason that there is this precedent where the Court looks beyond the record is the nature of plain error review. Plain error review is supposed to be used sparingly. And plain error review recognizes that there are real costs to reversal in undermining the finality of judgments. And plain error review requires the courts to consider when is there a real miscarriage of justice occurring, when have a defendant's substantial rights been violated. And it makes sense for the Court not to put blinders on, but to look at the entire record. And here, the record shows that remand would essentially be pointless. Johnson has four felony convictions. Three of them resulted in sentences of over a year. And it would not promote the integrity of judicial proceedings to send this trial back for a redo where the outcome is virtually certain. Would that be tangentially an answer of my question of why we should not send it back as we ordinarily do to the district court? Yes, Your Honor. I think there really is no point in sending this case back here where there is such overwhelming evidence and where the issue here is knowledge of felon status, which can readily be inferred from felony convictions, which are fairly objective facts. They're the types of facts that a court could take judicial notice of. So I think in this situation, remand would not be appropriate. Your opinion is that the responses that were made to Judge Watford, those would be your responses to the question he was asking of why we can't just function the way we have on what we have before us. If I'm understanding the Court's question correctly, I think the stipulation to felon status and the multiple felony convictions and the sentences of over a year, coupled with the fact that Johnson acknowledged that he actually served over a year in prison, are overwhelming evidence that Johnson knew of his felon status. That's what I assumed you'd say. I just wanted to be sure. Can I ask one other question? You've been willing, it seems to me, to have this case analyzed as a sufficiency of the evidence challenge. And I guess in reading through the post-relief cases involving guilty pleas, where the analysis is somewhat different, actually, this case seems much more like a guilty plea case to me. This wasn't a real trial. This was an effort on the defendant's part to get as quickly as he could to the appellate court to have his, I think it was a suppression motion. Right. He wanted that reviewed. And didn't he end up getting three levels for acceptance of responsibility? In connection with this? Yes, Your Honor, he did. So it seems to me that the more appropriate question isn't so much, was the evidence submitted to the district court sufficient or not, under plein air review to establish the knowledge element. It's rather, if the district court had advised him that you, the government, would have been required to prove knowledge, would he have nonetheless basically given up his right to go to trial? And I think the answer, at least in the post-relief cases, is absolutely not. He had no defense. He wanted the three levels for acceptance. He got that. And he wanted to get appellate review of the denial of the suppression motion. And he got that. There's no reason to think, even if the district judge had told him the government will have to prove this additional element, that he would have said, oh, well, forget it. Then I want to roll the dice and go to a jury trial. Your Honor, I agree that that is another way to look at it that is valid, drawing from the many precedents in the Rule 11 context. I think, on this record, it seems extremely unlikely that Johnson would have possibly foregone the three points and would have pressed forward just for the opportunity to contest knowledge of status on when we're talking about felon status and when we're talking about Johnson's criminal history. I would just like to clarify that we do believe that legal error, not sufficiency of the evidence, is the proper way to analyze this problem. And that's based primarily on this Court's analysis in the Weems case, where the Ninth Circuit looked at the double jeopardy ramifications that result from sufficiency analysis and determined that where the reason for the challenge is an intervening change in the law, the sufficiency analysis isn't appropriate, and instead legal error, which results in a remand, is. If the Court has no further questions, I would ask this Court to reinstate its prior opinion affirming Johnson's Section 922 convictions in light of Raeha Eve. Thank you. Thank you, Counsel. Counsel, I think you exceeded your time, but we'll give you a minute for rebuttal. Thank you, Your Honor. First of all, just a few quick points. There was no reason for Mr. Johnson to contest knowledge of status at all. It wasn't an issue. This Court's precedent had said that it didn't matter. In Weems, this Court was willing to presume that the government would have offered evidence about the element that had not been at issue at trial. I think you ought to grant certainly the same presumption to Mr. Johnson in this case, who's the one who has the constitutional rights to have every element proved and found beyond a reasonable doubt. I would disagree with Counsel's suggestion that just the fact of a prior felony conviction always proves knowledge of status. I think Raeha Eve itself makes clear that that's a separate issue. If we're going to analogize this to a guilty plea, as Judge Watford suggested, I would say that it was not voluntary and particularly not knowing, given that there was no reason at the time to realize that knowledge of status was at issue. Thank you. All right. Thank you, Counsel. Thank you. Thank you to both Counsel. The case just argued is submitted for decision by the Court, and we are adjourned.
judges: Wallace, Rawlinson, Watford